IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMOJI COMPANY GmbH,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: 22-cv-3652<br><br>Judge Virginia M. Kendall |

## DECLARATION OF MARCO HUESGES

I, Marco Huesges, declare as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would competently testify as follows:

2. I am the founder and CEO of EMOJI COMPANY GmbH and am knowledgeable about the EMOJI COMPANY GmbH's international retail relationships. Addionally, I have access to business records concerning the intellectual property and brand protection operation of EMOJI COMPANY GmbH. I make this declaration from matters within my own knowledge, except where otherwise stated.

3. As the Founder and CEO of EMOJI COMPANY GmbH, I am familiar with EMOJI's extensive intellectual property portfolio. EMOJI COMPANY GmbH is a global brand with developed markets in North America, Europe, Brazil, Mexico, China and Australia and has been rapidly expanding in Southeast Asia.

4. EMOJI COMPANY GmbH currently owns about 1,000 trademark registrations and applications in over 100 countries, including the United States for the EMOJI trademark (the "EMOJI mark"), as both a word mark and in conjunction with other words or design elements for more than 30 categories of goods and services. EMOJI COMPANY GMbH has developed a vast library of protected emoji® brand icons and designs for licensing of any kind.

5. The mark has been examined hundreds of times by relevant Trademark Offices worldwide; and, in each country, the "EMOJI" Trademark has been found to be distinctive and registrable. EMOJI's trademarks are registered on the Principal Register and, under Section 7(b) of the Lanham Act. Those registrations constitute prima facie evidence of: (a) the validity of the registered mark and of the registration, (b) our company's ownership of the mark and (c) our company's exclusive right to use the mark in commerce with regard to the goods concerned.

6. As the Founder and CEO of EMOJI COMPANY GmbH, I am familiar with our licensing and marketing efforts. In addition to creating our own EMOJI-branded products, EMOJI COMPANY GmbH licenses its marks to third parties pursuant to formal license agreements, through international license agencies and more than 1000 licensees since its launch of the brand. EMOJI COMPANY GmbH has been licensing its EMOJI Trademark through an international network of agents and dealers in the U.S. and Emoji® brand products are being sold in more than 100 other countries since at least 2015. EMOJI COMPANY GmbH has licensing agreements with numerous companies including Sony Pictures Animation Inc. ("SPA") ("The Emoji Movie"), Walmart, Nestle, Unilever, Pepsico, Burger King, Nikon, Fuji, Random House, Aldi, Ferrero, Zara, Danone, Chevrolet,

The Hershey Company, PUMA, and Kellogg's, among others, have entered into license agreements with Plaintiff concerning use of the EMOJI Trademark. This network of licensed users has resulted in retail sales of EMOJI branded products exceeding $800 million annually and more than $2.5 billion in retail sales from sales of EMOJI-branded products since launch of the brand.

7. EMOJI COMPANY GmbH also has licensing partnerships concerning use of the Emoji mark with leading U.S. firms including ACCO Brands (calendars), Alcove Brands (health and vitamins), ASO (first aid products), Bendon (publishing), Bentex Group (children's apparel) Centric Brands (sleepwear), DanDee International (seasonal and non-seasonal toys, collectibles, home décor, pet and baby products), David's Textiles (fabric), Decopac (cake decorating), Fabpops (mobile phone accessories), Gotta Love It (apparel), Handcraft Manufacturing Corp. (children´s clothing ), Isaac Morris, LTD (apparel); Jay Franco (domestic products), Paramount Brands (fragrances), RedBubble (fan art/e-commerce); Running Press (publishing), Strikeforce Bowling (bowling), Success Promotions (promotional products and emoji "Attitude" bobble.), Trends International, LLC (posters and stickers), Unique (partyware), Unitrex SpaRoom (automotive air fresheners), World Tech Toys (toys) and ZAK! Design (dinnerware, drinkware and food storage).

8. In addition to partnerships with numerous companies, the EMOJI COMPANY GmbH opened already 6 Emoji® mono-brand apparel stores in China between 2019 to 2021 as well as multiple Pop Up Stores including the official Emoji® brand store on TMall, which is a Chinese language website with over 500 million monthly active users for business-to-consumer online retail sales and developing brand awareness. EMOJI COMPANY GmbH's goal is to open at least 100 Emoji® mono-brand stores in China within

the next four years and to develop and offer additional Emoji® apparel collections inspired by urban, sports and streetwear fashion and to extend the product portfolio to fashion accessories and bags. In addition, the EMOJI COMPANY has opened more than 50 Emoji® brand tea stores in China, which is a perfect concept for introducing Chinese consumers to the Emoji® brand. The EMOJI COMPANY intends to open at least 100 Emoji® brand tea stores in Mainland China over the next 12 months.

9. EMOJI COMPANY GmbH was ranked No. 57 out of the Top 150 Global Licensors in the trade journal *License Global* 2020 and was ranked No. 42 out of the Top 150 Global Licensors in the trade journal License Global 2021 and was ranked No. 3 of the most influential brands by the 2017 *Power List* on licensing.biz behind Lego® and Coca-Cola®.

10. EMOJI COMPANY GmbH has received numerous nominations and awards and accolades worldwide for our licensing of the EMOJI mark. In 2018, EMOJI COMPANY received the Lima Award for Best Digital Program in the United States. In 2021 EMOJI COMPANY was nominated for Best Digital Brand Apps & Video Games in the United States. We were also nominated for Best Brand digital property 2019 (Licensing International) and for the Lima Award for Best Digital Property in the United States in 2018.

11. EMOJI COMPANY GmbH has invested millions into brand building, content creation and brand protection. EMOJI COMPANY GmbH displays our EMOJI marks extensively on our products and in our marketing and promotional efforts which include, but are not not limited to, substantial print media, a website, social media sites and point of sale materials. Only recently, EMOJI COMPANY GmbH together with WildBrain

has invested millions to create a fully animated series. The series which is featured on YouTube is presented by the EMOJI COMPANY and already has 127k Subscribers and 35 million followers. https://www.youtube.com/channel/UC1SxL7fbGVpyYk9V3H80ohw

12. The popularity and commercial success of the EMOJI brand has resulted in its significant counterfeiting. When EMOJI COMPANY GmbH identifies verifiable infringement, we take action against such companies, and we are in constant contact with our retail and licensing partners and agents to share information about infringing parties and/or products. As a result, the EMOJI COMPANY GmbH has implemented an anit-counterfeiting program and investigates suspicious websites and online marketplace listings identified through external vendors in proactive Internet sweeps where we frequently discover many unauthorized sellers of EMOJI-branded products. These unauthorized sales cost EMOJI COMPANY significant losses in revenue which is difficult to estimate, and such unauthorized sales cause a deterioration of the goodwill and brand image of EMOJI through the loss of control over our ability to enforce quality standard on our products.

13. As a result of the unauthorized sales of EMOJI-branded products, we closely monitor the sales of our products in both physical retail stores and on online platforms such as Amazon.com, eBay, DHgate, Wish and Aliexpress.

14. The EMOJI Trademark has been successfully enforced in numerous court proceedings including a European Union preliminary injunction during 2018 against EmojIOne (now JoyPixels) concerning use of the designation EMOJIONE and/or EMOJI ONE. (Exhibit 1). We have filed numerous trademark infringement/counterfeiting cases in the Northern District of Illinois to enforce the EMOJI Trademark.

15. The EMOJI COMPANY GmbH licenses its products to a select group of companies based upon agreed standards for production and quality, and we closely monitor the efforts of our licensees.

16. My staff has searched our records and was unable to find any licensing agreement with "Bedorm" or "Move Over". Furthermore, EMOJI COMPANY GMbH has never granted such a license to "Bedorm" or "Move Over". We are selective with regard to whom we agree to license use of our mark because those licensing partners are required to manufacture their products to meet our specifications and standards.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: September ___, 2022

                                                  Marco Huesges
                                                  Founder/CEO
                                                  Emoji Company GmbH